## Jobe's Administratrix v. Young, Sheriff, et al.

(Decided June 14, 1929.)

J. B. ADAMSON and THOS. BURCHETT for appellant.

FRED M. VINCENT for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was instituted by the administratrix of Tommie Jobe, deceased, against J. W. Young, sheriff of Carter county, John B. Johns, a deputy sheriff, and four others who were sureties upon the sheriff's bond, to recover damages for the alleged wrongful acts of John B. Johns resulting in the death of Jobe. It is not clear from the pleadings whether the action is one for false imprisonment, false arrest, kidnapping, or some other tortious act, but counsel for appellant says in his brief: "This is really an action for false imprisonment."

It seems that a warrant for the arrest of Jobe had been issued in Carter county, and that Jobe had gone to the state of Pennsylvania. Johns went to Pennsylvania, arrested Jobe, and, while returning with him to Ken-

tucky, Jobe jumped from the window of a moving train when it was passing through the city of Newark, Ohio, and was instantly killed. He was manacled at the time.

The petition alleges that on or about the 19th day of August, 1924, John B. Johns went to the city of Midland, Beaver county, Pa., and placed Jobe under arrest without any authority as an officer of that state and in violation of the laws of the state, and that when returning to Kentucky with Jobe, and while the latter was supposed to be in the care and custody of Johns, Jobe was found dead at Newark, Ohio, beside the track of the railroad over which they were traveling, and that he met his death by reason of the unlawful and false arrest or by the negligence and mistreatment by Johns, and that his death was the direct and proximate result of the unlawful and false arrest or the negligence and mistreatment by Johns.

A demurrer was sustained to the petition, and an amended petition was filed in which it was alleged that "Johns negligently and carelessly and recklessly mistreated and failed to provide for the safety of said Jobe, or to protect him from danger, or by his treatment forced or caused him to fall or be thrown from the train on which he was riding so that the said Tommie Jobe was injured and died by reason of said mistreatment or fall from said train."

A demurrer was sustained to the amended petition, and a second amended petition was filed in which it was alleged, in substance, that the laws of the state of Pennsylvania provided that it should be unlawful for any person or officer to take any person or persons out of the state upon a warrant of arrest from another state without a requisition first had and obtained accompanied by a certified copy of the indictment or information, and without a warrant issued by or at the direction of the Governor of Pennsylvania, served by the sheriff or his deputy, and without first taking the prisoner before a judge or court of record to inform the prisoner of the cause of his arrest, and, if he claims not to be the particular person mentioned in the requisition, indictment or affidavit, he may have a writ of habeas corpus, unless he shall have previously consented to and waived in writing the right to go before such judge or court for the purpose of availing himself of such writ; and that the laws of Pennsylvania further provided that any person or officer who takes a prisoner out of the state without first

having complied with the Pennsylvania laws should be guilty of a misdemeanor and upon conviction should be sentenced to one year in prison. The second amended petition further alleged that John B. Johns, at the time he arrested the deceased, had no warrant from the Governor of Pennsylvania, nor did the deceased waive in writing his right to go before a judge or court of record for the purpose of availing himself of the writ of habeas corpus, and that as the direct and proximate result of the wrongful, illegal, and unlawful acts of John B. Johns in causing the deceased to return to Kentucky in his custody the mind of the deceased became deranged and, as a result thereof, he, while his hands were inclosed in handcuffs, jumped from the window of the train upon which he was riding.

A demurrer was sustained to the second amended petition, the plaintiff declined to plead further, and a judgment was entered dismissing the petition 'as amended. From that judgment the administratrix has appealed.

It is argued that the petition as amended states a cause of action because the laws of Pennsylvania governing the arrest and extradition of fugitives from justice from another state were not complied with by Johns, and that consequently his arrest of Jobe was illegal. The Pennsylvania statute seems to make it an offense for any person or officer to remove a person from the state without taking him before a judge or court of record for the purpose of permitting him to raise the question of identity unless this right is waived in writing by the prisoner. We know of no reason why the prisoner might not waive his right orally and consent to return with the officer without requisition papers or without compliance with the laws of the state in which he is apprehended. Although the officer might be guilty of a technical violation of the laws of that state, the prisoner would certainly have waived any civil right of redress he might otherwise have had against the officer. But conceding that the arrest was unlawful, no facts are set out in the petition as amended that would lead to the conclusion that the death of the deceased was the proximate result of such unlawful arrest. No facts are alleged tending to show that Johns knew, or could have known that the deceased contemplated such an extraordinary act as to jump from the window of a rapidly moving train while he was manacled.

It follows that the demurrer to the petition as amended was properly sustained, and the judgment is affirmed.